MEIERHENRY, Justice
(concurring in part and dissenting in part).
[¶ 25.] I agree with the conference opinion that Judge Erickson’s order to suppress based on lack of consent should be affirmed. I disagree that we should remand for additional findings as to whether the search was valid because of officer safety issues. Even though the State may have preserved the issue on appeal, the State’s evidence to the circuit court does not support its proposed finding.
[¶26.] The officer, in an answer to a question from the court, stated that Leigh’s behavior or actions were not threatening. He testified that when Leigh put his hands in his pockets it made him uncomfortable as to whether or not he had a weapon or something in his pockets. However, when the court questioned him further he indicated as follows:
Court: Other than he put his hands in his pockets, and took them out when requested and then put them back in, was there anything else, any suspicion that came at that your mind?
Officer: No.
Court: Nothing else? I mean he wasn’t acting nervous?
Officer: He was acting nervous, but as far as threatening wise, no.
The court also made the following comments regarding the officer’s suspicion:
My concerns go back to the very beginning. I mean this is a routine stop for a taillight violation. It’s pretty clear immediately that they knew what the reason was. It was unplugged. They plugged it in. It’s getting a warning ticket at best.
And as the guy walks back to the vehicle, he sticks his hands in his pocket. And I remember his thumbs on the outside of the pants. The officer testified that he asked him to take his hands out of his pockets and the guy did and put them back in. I don’t remember hearing the officer ask him to do that [on the tape]. And looking at the way it was done — or the way the hands were in the pockets, I certainly don’t think any suspicion about that.
So I’m going to let you brief it, folks. It’s — my first concern is whether there was even a valid reason based upon that scenario, that the officer had a right to even ask for a pat down. That’s what starts this whole thing and — I know that at a certain point in time an officer can ask for a pat down search, but I don’t know that there was enough information to rise to the level where you can even do that in this case.
[[Image here]]
There are times and reasons why an officer can do a pat down, but watching the way the gentleman walked back to the vehicle, with his hands in his pocket, that’s something all of us do. It’s a cold rainy day. So I want to you brief that question.
The evidence, as the State presented it at the suppression hearing, does not support *406 a finding that the search was valid due to officer safety concerns. Consequently, there would be no reason to remand on this issue. The circuit court’s order should be affirmed.
[¶ 27.] SABERS, Justice, joins this special writing.